UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LINDA M. LUCAS, ET AL

CIVIL ACTION

VERSUS

NUMBER 07-571-RET-SCR

OLD NAVY, L.L.C. F/K/A OLD
NAVY, INC.

## NOTICE

Please take notice that the attached Magistrate Judge's
Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within ten days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 26, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LINDA M. LUCAS, ET AL

                               CIVIL ACTION

VERSUS

                               NUMBER 07-571-RET-SCR

OLD NAVY, L.L.C. F/K/A OLD
NAVY, INC.

## MAGISTRATE JUDGE'S REPORT

Before the court is a Motion for Summary Judgment filed by defendant Old Navy, L.L.C.  Record document number 19.  The motion is opposed.[1]

Plaintiffs Linda Lucas and her husband Ernest Lucas filed suit in state court alleging that injuries and damages were sustained by Linda Lucas as a result of a slip and fall that occurred on May 9, 2006 at the Old Navy store on S. Mall Drive in Baton Rouge, Louisiana.[2]  Plaintiff alleged that she slipped on a metal and plastic clothes hanger, landing on her knees and the palm of her right hand.  Plaintiff alleged the fall resulted in severe injuries, including a torn rotator cuff, a fracture to the head of the radius of her right arm, and a sprained wrist.[3]

_____

[1] Record document number 21.  Defendant filed a reply.  Record document number 26.

[2] Hereafter, Linda Lucas is referred to as the plaintiff.  Plaintiff's husband asserted a claim for loss of consortium.

[3] Plaintiff's Petition for Damages did not specify which
(continued...)

The case was removed to this court based on diversity jurisdiction.  Old Navy now moves for summary judgment.  Defendant argued that summary judgment is warranted because the plaintiff cannot satisfy her burden of proof under the applicable state law, LSA-R.S. 9:2008.6.  Assuming that the plaintiff did slip on a hanger,[4] Old Navy argued that there is no evidence that an Old Navy employee is responsible for the hanger being on the floor where the plaintiff fell, knew the hanger was on the floor, or that the hanger had been on the floor for a period of time sufficient for Old Navy to have constructive notice of it.

Plaintiff opposed the motion, arguing essentially that because the defendant failed to preserve (1) the video surveillance evidence which would have shown how long the hanger had been on the floor, and (2) a hanger found on the floor some time later, she is entitled to a presumption the that evidence would have been sufficient to satisfy her burden to show Old Navy had constructive

---

[3](...continued)
wrist, elbow and shoulder were injured.  Plaintiff's affidavit and her deposition testimony indicate that the injuries were to her right wrist, elbow and shoulder.

[4] Defendant does not concede that there was a hanger on the floor where the plaintiff fell.  Record document number 27-1, reply memorandum, p. 2.  The motion assumes that there is at least a genuine dispute as to this material fact.  Consequently, this report also assumes that the plaintiff's fall was caused by slipping on a hanger.

notice of the hanger on the floor.[5]

Defendant supported its motion with a Statement of Uncontested Material Facts[6] and the plaintiff filed a Statement of Controverted Material Facts.[7]   Both parties relied on excerpts from the depositions of the plaintiff,[8] the store manager on duty, Mildred Carter,[9] and store employee Tyleatha Robertson.[10]   Defendant also relied on excerpts from the depositions of the plaintiff's granddaughter, Kayla Davila,[11] and Old Navy's Regional Loss

---

[5] Plaintiff also filed a Motion in Limine seeking imposition of an adverse evidentiary inference against the defendant from the destruction of the video surveillance footage and loss of the hanger later found by Carter.   Record document number 20.   That motion has not been referred to the undersigned for either a ruling or a report and recommendation.   This report necessarily must address the parties' arguments on that issue since they are also raised in connection with the defendant's Motion for Summary Judgment.   However, this report does not directly rule on the Motion in Limine.

[6] Record document number 19-2.

[7] Record document number 21-2.

[8] Record document number 19-4, Exhibit MSJ-1, record document number 27, Exhibit MSJ Reply 3, and record document number 21-5, Exhibit A (hereafter, collectively, plaintiff depo.).

[9] Record document number 19-6, Exhibits MSJ-3, record document number 27, Exhibit MSJ Reply 1, and record document number 21-7, Exhibit C (hereafter, collectively, Carter depo.).

[10] Record document number 19-7, Exhibit MSJ-4, record document number 27, Exhibit MSJ Reply 2, and record document number 21-6, Exhibit B (hereafter, collectively, Robertson depo.).

[11] Record document number 19-5, Exhibit MSJ-2, and record document number 27, Exhibit MSJ Reply 5 (hereafter, collectively, Davila depo.).

4

Prevention Manager David Powers.[12]   Plaintiff also supported her opposition with her own affidavit,[13] a print-out of the Accident Report,[14] and a print-out of the Risk Management Incident report.[15]

## Summary Judgment Standard and Applicable Law

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law.  Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).  If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.  This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.

---

[12] Record document number 27, Exhibit MSJ Reply 4 (hereafter, Powers depo.).

[13] Record document number 21-4, (hereafter, plaintiff aff.). The affidavit is essentially the same as the plaintiff's deposition testimony in a condensed form.

[14] Record document number 21-8, Exhibit D (hereafter, Accident Report).

[15] Record document number 21-9, Exhibit E.

5

1994).   In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor.  *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.  The court may not make credibility findings, weigh the evidence or resolve factual disputes.  *Id.; International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).   The Louisiana statute applicable to the plaintiff's claim is LSA-R.S. 9:2800.6, which sets forth a merchant's duty to persons who use its premises and the plaintiff's burden of proof in claims against merchants.  The statute provides in pertinent part as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written

or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

It is the plaintiff's burden to prove each element of a cause of action under the statute. *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

The Louisiana Supreme Court recognized in *White* that the constructive notice requirement found in the merchant liability statute involves a temporal element:

Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period of time. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.

*White*, 699 So.2d at 1084-85.

Because constructive notice is defined to include a mandatory temporal element, a plaintiff relying on constructive notice under

7

La. R.S. 9:2800.6(B)(2) must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the defendant on notice of its existence. *Id.*, 699 So.2d at 1082.

Plaintiff in a slip and fall case may use circumstantial evidence to establish the temporal element. *Blackman v. Brookshire Grocery Co.*, 2007-348 (La.App. 3 Cir. 10/3/07), 966 So.2d 1185; *Henry v. Wal-Mart Stores, Inc.*, 99-1630 (La.App. 3 Cir. 3/1/00), 758 So.2d 327, *writ denied*, 00-929 (La. 5/26/00), 762 So.2d 1107.

The adverse evidentiary inference sought by the plaintiff requires a showing of bad conduct or "bad faith" motive of the defendant. *See, King v. Illinois Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. (2003); *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191 (5th Cir. 2005)(adverse inference sanction only permitted on a showing of bad faith or bad conduct).

## Analysis

It is undisputed that Old Navy's digital video surveillance system is capable of preserving the recorded data ("footage") by copying it to a DVD. It is also undisputed that if a request to copy specific footage is not made, the system retains the footage for only 60 days.[16] There is **no** evidence that the plaintiff or any Old Navy employee made a request to preserve the footage recorded

---

[16] Carter depo., p. 13-14; *see* Powers depo., pp. 14-15.

8

May 9, 2006, the date of the plaintiff's fall.  No reasonable jury could find that the failure to preserve this footage was attributable to any bad faith or bad conduct by Old Navy.

The uncontested summary judgment evidence showed that both Carter and Robertson reviewed the footage of the plaintiff's fall.[17] The video surveillance showed the plaintiff pushing a shopping cart ("buggy"), with her granddaughter walking in front of it.[18] Neither Carter nor Robertson saw a hanger or anything else in the video surveillance footage that the plaintiff could have slipped on.[19] Although Carter later did find a hanger in another area, which she referred to as a "shop," she concluded that it could not have been the cause of the plaintiff's fall.[20]  She reached this conclusion because the hanger she found was in the back of a shop separated from the shop where the plaintiff fell by booths which are flush to the floor, "like a wall."[21]  Robertson described the hanger Carter

---

[17] When this occurred is not clear, but it was the night of the accident and after Carter filled out the Accident Report.  Carter depo., p. 52; Robertson depo., p. 33.

[18] See also plaintiff depo., p. 34.

[19] Carter depo., p. 37; Robertson depo., pp. 42.

[20] This hanger was not found "right after" or "immediately after" the plaintiff's fall.  Carter depo., p. 34.

[21] Carter depo., pp. 30-32, 52; also, Robertson depo., pp. 18-19, 22-23, 46.

later found as a coat hanger,[22] not a plastic pant hanger with metal clips like the one described by the plaintiff.[23]

Plaintiff never asked Old Navy to preserve any video surveillance, any hanger, or any other thing that might be evidence in the case.  Plaintiff had minimal contact with Old Navy after the date of the accident, no contact at all after the week following the accident, and never told anyone at Old Navy that she intended to file a law suit.  Powers explained that video surveillance footage is copied to a DVD when requested by law enforcement or to investigate incidents of internal or external theft.[24]  Video footage of customer injuries is not copied to a DVD, but could be if a request is made.[25]

Plaintiff has offered no evidence from which a reasonable jury could find any bad faith or bad conduct by defendant Old Navy.  The summary judgment evidence is not sufficient to create a genuine dispute on this issue.  Plaintiff is not entitled to the adverse evidentiary presumption she seeks.[26]

---

[22] Robertson depo., pp. 46-47.

[23] Plaintiff depo., pp. 18, 44-45.

[24] Powers depo., p 13 .

[25] *Id.* Powers testified that he has never had a request to preserve the video surveillance footage from a customer accident. *Id.* pp. 17-19.

[26] The un-rebutted testimony of Carter and Robertson is that the video surveillance footage did not show a hanger was the cause
(continued...)

There is **no** evidence that Robertson or any other Old Navy employee put or dropped a hanger on the floor, or is otherwise responsible for a hanger being on the floor, in the area where the plaintiff was shopping.[27]   There is **no** evidence that any Old Navy employee knew there was a hanger on the floor in the area where the plaintiff was shopping.  Absent an adverse evidentiary presumption, there is no summary judgment evidence sufficient to create a genuine dispute as to the temporal requirement of the constructive notice section of LSA-R.S. 9:2800.6.

## Conclusion

Under LSA-R.S. 9:2800.6, an essential element of the plaintiff's claim is proof that prior to the fall the defendant

---

[26](...continued) of the plaintiff's fall.  Plaintiff testified that she saw a hanger when she was falling, but not before she fell.  Plaintiff depo., p. 43.  Plaintiff's granddaughter testified that she saw a hanger on the floor about four feet from where the plaintiff fell.  Davila depo., p. 17-18.  Given this conflicting testimony, even if the court gave an instruction which permitted the jury to draw an adverse evidentiary inference, the jury would not be compelled to draw an adverse evidentiary inference from the failure to preserve the May 9, 2007 video surveillance.  The word "presumption" is used in this report, however, since the court must draw all reasonable inferences in favor of the party opposing the motion for summary judgment.

[27] According to Carter, at the time of the plaintiff's accident, which was "closer to closing," no one would have been stocking merchandise.  Carter depo., p. 24.  The Accident Report gives the time of the accident as "20:51:00," or 8:51 p.m.  The store closed at 9:00.  Carter depo., p. 29.  Carter acknowledged that merchandise could have been put out earlier in the day.  *Id.*, pp. 24-25.

either created or had actual or constructive notice of the condition which allegedly caused the plaintiff's injury.  There is **no** evidence that the defendant put the hanger on the floor where the plaintiff fell, caused it to be there, or actually knew it was on the floor.  Nor is there any evidence that the hanger was there for a time period prior to the fall sufficient to support the conclusion that the defendant had constructive notice of its presence.  Therefore, there is no evidence, viewed in the light most favorable to the plaintiff,  from which a reasonable jury could find that the defendant was negligent under LSA-R.S. 9:2800.6.

<u>**Recommendation**</u>

It is the recommendation of the magistrate judge that the Motion for Summary Judgment filed by defendant Old Navy, L.L.C. be granted.

Baton Rouge, Louisiana, February 26, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE